KESSNER UMEBAYASHI BAIN & MATSUNAGA
Attorneys at Law - A Law Corporation

ELTON JOHN BAIN            2443-0
E. MASON MARTIN III        7295-0
ANDREW A. CHENG            6696-9
220 South King Street, 19th Floor
Honolulu, Hawaii 96813
Telephone No. (808) 536-1900

Attorneys for Defendant
ROBERT'S HAWAII TOURS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIWEB, INC., a Delaware Corporation,<br><br>               Plaintiff,<br><br>  vs.<br><br>ROBERT'S HAWAII TOURS, INC., A Hawaii Corporation,<br><br>               Defendant. | CIVIL NO. CV09-00017 SPK LEK<br><br>**DEFENDANT ROBERT'S HAWAII TOURS, INC.'S ANSWER TO COMPLAINT; CERTIFICATE OF SERVICE** |

**DEFENDANT ROBERT'S HAWAII TOURS, INC.'S**
**ANSWER TO COMPLAINT**

Defendant Robert's Hawaii Tours, Inc. ("Roberts") answers the Complaint of

Hawaiiweb, Inc. ("Hawaiiweb") as follows:

## The Parties

1. In response to paragraph 1, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

2. In response to paragraph 2, Roberts admits that Robert's Hawaii Tours, Inc. is a Delaware corporation registered to do business in the state of Hawaii with a business address of 91-1034 Kai Uhu Street, Ewa Beach, Hawaii 96706. Except as so expressly admitted, Roberts denies each and every allegation in paragraph 2.

## Jurisdiction and Venue

3. In response to paragraph 3, Roberts admits that Hawaiiweb purports to bring this action for violation of the United States Copyright Act and the Digital Millennium Copyright Act. Except as so expressly admitted, Roberts denies each and every allegation in paragraph 3.

4. In response to paragraph 4, Roberts admits that Hawaiiweb purports to claim jurisdiction pursuant to 28 U.S.C. § 1338(a). Except as so expressly admitted, Roberts denies each and every allegation in paragraph 4.

5. In response to paragraph 5, Roberts admits that Hawaiiweb purports to claim that venue is proper in this district pursuant to 28 U.S. C. § 1400(a) and 28 U.S.C. §§ 1391(b) and (c). Except as so expressly admitted, Roberts denies each and every allegation in paragraph 5.

**Factual Allegations**

6.      In response to paragraph 6, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

7.      In response to paragraph 7, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

8.      In response to paragraph 8, Roberts admits that Exhibit B purports to be a true and accurate copy of its website.  Roberts further admits that in the past it has displayed the photographic images set forth in Exhibit B without obtaining consent or license from Hawaiiweb.  Roberts lacks information sufficient to form a belief as to the truth of the allegation that Hawaiiweb is the copyright owner of the five images that were displayed on Roberts' website, and on that basis denies said allegation.  Except as so expressly stated, Roberts denies each and every allegation in Paragraph 8.

9.      In response to paragraph 9, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

10.     In response to paragraph 10, Roberts admits that it received a letter dated July 25, 2008 from David Dieterle asserting certain legal claims and seeking monetary compensation, but specifically denies the validity of each of said claims and denies each and every allegation in Paragraph 10.

11. In response to paragraph 11, Roberts admits that it removed certain photographs from its website, and further admits that it has not entered into any licensing agreement with Hawaiiweb or paid any monetary sum to Hawaiiweb. Except as so expressly stated, Roberts denies each and every allegation in Paragraph 11.

12. In response to paragraph 12, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

13. In response to paragraph 13, Roberts denies the allegations set forth therein.

### First Cause of Action

14. In response to paragraph 14, Roberts incorporates by reference paragraphs 1-13 of its Answer.

15. In response to paragraph 15, Roberts lacks information sufficient to form a belief as to the truth of the allegations therein, and on that basis denies them.

16. In response to paragraph 16, Roberts denies the allegations set forth therein.

17. In response to paragraph 17, Roberts denies the allegations set forth therein.

18. In response to paragraph 18, Roberts denies the allegations set forth therein.

19. In response to paragraph 19, Roberts denies the allegations set forth therein.

20. In response to paragraph 20, Roberts denies the allegations set forth therein.

21. In response to paragraph 21, Roberts denies the allegations set forth therein.

22. In response to paragraph 22, Roberts denies the allegations set forth therein.

23. In response to paragraph 23, Roberts denies the allegations set forth therein.

24. In response to paragraph 24, Roberts denies the allegations set forth therein.

25. In response to paragraph 25, Roberts denies the allegations set forth therein.

26. In response to paragraph 26, Roberts denies the allegations set forth therein.

## Second Cause of Action

27. In response to paragraph 27, Roberts incorporates by references paragraphs 1-26 of its Answer.

28. In response to paragraph 28, Roberts denies the allegations set forth therein.

29. In response to paragraph 29, Roberts denies the allegations set forth therein.

30. In response to paragraph 30, Roberts denies the allegations set forth therein.

31. In response to paragraph 31, Roberts denies the allegations set forth therein.

32. In response to paragraph 32, Roberts denies the allegations set forth therein.

33. In response to paragraph 33, Roberts denies the allegations set forth therein.

34. In response to paragraph 34, Roberts denies the allegations set forth therein.

35. In response to paragraph 34, Roberts denies the allegations set forth therein.

## First Affirmative Defense

The Complaint and each of the alleged claims for relief alleged therein fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint and each of the alleged claims for relief alleged therein are barred by the doctrine of laches by virtue of Hawaiiweb's unreasonable and prejudicial delay in filing suit against Roberts.

### Third Affirmative Defense

The Complaint and each of the alleged claims for relief alleged therein are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Any injuries caused to Hawaiiweb occurred by superseding and intervening agencies over which Roberts had no control and which were not foreseeable to it.

### Fifth Affirmative Defense

The claim against Roberts is barred or limited by reason of the running of the statute of limitations and Roberts reserves the right to move to dismiss the Complaint on that ground.

### Sixth Affirmative Defense

The claim asserted by Hawaiiweb is barred due to the doctrine of Unclean Hands.

### Seventh Affirmative Defense

The claim asserted by Hawaiiweb is barred due to the doctrine of Estoppel.

## Prayer for Relief

Wherefore, Roberts prays for judgment against Hawaiiweb in and in favor of Roberts as follows:

1. That Hawaiiweb take nothing by way of its Complaint;

2. That this court enter judgment in favor of Hawaiiweb;

3. That Roberts recover its reasonable attorneys; fees and costs; and

4. For such other relief as this Court may deem just and proper.

## Demand for Jury Trial

Roberts hereby demands a jury trial for all issues triable by a jury in this action.

DATED: Honolulu, Hawaii, _____.


/s/ Elton John Bain
ELTON JOHN BAIN
E. MASON MARTIN III
ANDREW A. CHENG

Attorneys for Defendant
ROBERT'S HAWAII TOURS, INC.

KESSNER UMEBAYASHI BAIN & MATSUNAGA
Attorneys at Law - A Law Corporation

ELTON JOHN BAIN             2443-0
E. MASON MARTIN III         7295-0
ANDREW A. CHENG             6696-9
220 South King Street, 19th Floor
Honolulu, Hawaii 96813
Telephone No. (808) 536-1900

Attorneys for Defendant
ROBERT'S HAWAII TOURS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAIIWEB, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT'S HAWAII TOURS, INC.,<br>A Hawaii Corporation,<br><br>    Defendant.<br>_____ | CIVIL NO. CV09-00017 SPK LEK<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I hereby certify that on this date copies of the foregoing document were duly served upon the following parties via hand delivery or as otherwise indicated:

J. STEPHEN STREET
REGINAULD T. HARRIS
RUSH MOORE LLP
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813

Attorneys for Plaintiff

Dated: Honolulu, Hawaii, _____.

      /s/ Elton John Bain
ELTON JOHN BAIN
E. MASON MARTIN III
ANDREW A. CHENG

Attorneys for Defendant
ROBERT'S HAWAII TOURS, INC.